UNITED STATES of America ex rel.
Steven HINDI, Petitioner,

v.

WARDEN OF McHENRY COUNTY JAIL and James Ryan, Illinois Attorney General, Respondents.

No. 99 C 2814.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 21, 2000.

880

Judith Anne Halprin, Highland Park, IL, for petitioner.

Gary William Pack, McHenry County State's Attorney's Office, Woodstock, IL, Chief of Criminal Appeals, Ill. Atty General's Office, Chicago, IL, for respondents.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Petitioner, Steven Hindi, petitions the court for a writ of habeas corpus, claiming that 1) his underlying conviction violated his First Amendment right to freedom of speech and is in conflict with current Illinois Supreme Court law; and 2) he was deprived of effective assistance of counsel in his underlying trial for criminal contempt.

On October 11, 1996, the Woodstock Hunt Club and several of its members filed a petition for a temporary restraining order (TRO) and permanent injunctive relief as well as a complaint for damages against Hindi and several other defendants, alleging that they had violated the Hunter Interference Prohibition Act (Act), 720 ILCS 125/0.01 *et seq.*, by using sirens, bullhorns and a glider to prevent defendants from hunting geese. *Woodstock Hunt Club v. Hindi*, 291 Ill.App.3d 1051, 226 Ill.Dec. 93, 684 N.E.2d 1089, 1091 (1997), abrogated by *People v. Sanders*, 182 Ill.2d 524, 231 Ill.Dec. 573, 696 N.E.2d 1144 (1998). The court granted the TRO and issued a preliminary injunction. Hindi was arrested and charged with violating the Act on October 12, 1996. *Id.* at 1092. In a verified petition for a rule to show cause that the plaintiffs filed on October 25, 1996, plaintiffs alleged that Hindi had used megaphones and other devices to disturb wild animals and hunters on Hunt Club property in violation of the TRO. Hindi, who had not been present at the court hearing at which the court granted the TRO, moved unsuccessfully on October 15 to dissolve the TRO. *Id.*

After a November 7, 1996, hearing, the court found Hindi guilty of the criminal contempt charge and sentenced him to 180 days in the McHenry County Jail. *Id.* Hindi appealed, claiming that the Act was unconstitutional under the First Amendment, that the criminal contempt was not proved beyond a reasonable doubt because he did not know the contents of the TRO until after he was accused of violating it, that the trial court did not specifically find that Hindi was guilty beyond a reasonable doubt, and that the 180–day sentence was an abuse of discretion. The Appellate Court affirmed.[1] Hindi filed a petition for post-conviction relief, claiming that his attorney had a conflict of interest, that he received ineffective assistance of counsel (for numerous reasons), and that his conviction was based on evidence of conduct that had occurred prior to the issuance of the TRO. The trial court denied the petition for post-conviction relief without an evidentiary hearing and the Appellate Court affirmed in an unpublished opinion. The Illinois Supreme Court denied Hindi's petition for leave to appeal. This habeas petition followed. Hindi raises the following grounds for habeas corpus relief:

1) A conviction for amplified speech directed at hunters violated petitioner's First Amendment rights to freedom of speech and is in conflict with the Illinois Supreme Court's ruling in *People v. Sanders*, 182 Ill.2d 524, 231 Ill.Dec. 573, 696 N.E.2d 1144 (1998);

2) Petitioner received ineffective assistance of trial counsel in the following respects:

a) counsel had a conflict of interest based on his colleague's previous advice to petitioner concerning what type of conduct was permissible under the TRO;

b) counsel permitted a combined civil and criminal contempt proceeding for his own convenience and permitted petitioner to be called as a witness despite his Fifth Amendment right not to testify;

c) on the witness stand, counsel abandoned petitioner, who had to make his own determinations as to when to assert his Fifth Amendment right;

d) after petitioner's testimony, counsel failed to rehabilitate him on cross-

1. Hindi apparently did not file a petition for leave to appeal to the Illinois Supreme Court.

examination or to elicit testimony that petitioner had no notice of the TRO;

e) counsel failed to file an answer to the contempt petition and thereby failed to present any defense;

f) counsel failed to object to the admission of evidence prejudicial to petitioner;

g) counsel failed to move for a directed finding at any stage of the contempt proceedings and failed to challenge the sufficiency of the evidence;

h) counsel failed to present a defense to the charge of indirect criminal contempt;

i) counsel made prejudicial admissions in closing argument; and

j) counsel failed to move for a hearing in mitigation and failed to present evidence of petitioner's reliance on counsel's interpretation of the TRO;

3) The trial court ignored its obligation to extend the right of allocution to petitioner during sentencing;

4) Counsel failed to bring a post-trial motion to challenge the sufficiency of the evidence; and

5) The Appellate Court relied on the sentencing remarks of the trial court for affirmance, despite the fact that the trial court was relying on acts that had occurred prior to the issuance of the TRO.

■ The court must evaluate the petition according to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Only claims that the petitioner is being held in state custody in violation of federal constitutional or statutory violations are appropriately raised in habeas petitions. 28 U.S.C. § 2254(a). The court may not grant relief for claims that a state court has adjudicated on their merits unless that adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). Under the first prong, a decision contrary to U.S. Supreme Court law pertains to questions of law. *Lindh v. Murphy,* 96 F.3d 856, 868 (7th Cir.1996) (en banc), *rev'd on other grounds,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the second prong, a decision based on an unreasonable determination of the facts pertains to mixed questions of law and fact. *Id.* at 870. Federal courts conducting habeas review are not to disturb the state court judgment unless the judgment is based on errors serious enough to be considered unreasonable. *Id.* In addition, a state appellate court's factual summary is presumed correct unless the petitioner rebuts it with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

■ When a petitioner raises constitutional issues in state proceedings but the state court declines to address their merits because petitioner failed to follow state procedural rules, a federal court is barred from reviewing the claims. This is because the state court's decision rests on "independent and adequate" state law grounds. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). A state court's determination that a state procedural law was violated does not generally "result( ) in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court." 28 U.S.C. § 2254(d).

■ As to petitioner's first claim, that the Hunter Interference Prohibition Act violates his First Amendment rights and is in conflict with Illinois Supreme Court law, respondent claims that petitioner has misconstrued the Illinois Supreme Court's holding in *People v. Sanders,* 182 Ill.2d 524, 231 Ill.Dec. 573, 696 N.E.2d 1144 (1998). A better argument would have been that the claim is procedurally defaulted. Petitioner never filed a petition for leave to appeal to the Illinois Supreme

Court after the Appellate Court affirmed his conviction and found the Act constitutional.[2] This results in the procedural default of claims that should have been raised on direct appeal. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999) (rejecting Seventh Circuit's position that a claim not included in a petition for leave to appeal to the Illinois Supreme Court is still viable for federal habeas relief). Although petitioner raised this issue in his post-conviction petition, these proceedings are available only for issues that could not have been raised on direct appeal. *People v. Erickson,* 161 Ill.2d 82, 87, 204 Ill.Dec. 231, 641 N.E.2d 455, 458 (1994) ("(f)ailure to raise a claim which could have been addressed on direct appeal is a procedural default which results in a bar to consideration of the claim's merits in a post-conviction proceeding"). This is presumably why the Illinois Appellate Court simply ignored the issue in its order affirming the trial court's dismissal of the post-conviction petition.

█ When a respondent fails to raise a procedural default defense in his answer to the habeas petition, however, he waives the defense. *See, e.g., Fagan v. Washington,* 942 F.2d 1155, 1157 (7th Cir.1991). Instead, respondent argues that in *Sanders,* the Illinois Supreme Court found only § 2(c) of the Act unconstitutional and that the remainder of § 2 survived. Section 2(c) of the Act is the provision under which a person is guilty of a Class B misdemeanor for "disturb[ing] another person who is engaged in the lawful taking of a wild animal or who is engaged in the process of taking, with intent to dissuade or otherwise prevent the taking." According to respondent, the result is that the ruling in *Sanders* has no effect on Hindi's case because "the use of sound amplification and noise making devices was not the subject of this decision."

The Illinois Supreme Court's ruling in *Sanders* is considered to have "abrogated"

the ruling in *Woodstock Hunt Club* because the Appellate Court there had found § 2(c) constitutional. The Appellate Court did not specify in *Woodstock Hunt Club* which section of the Act was the basis for the TRO and ultimately for the conviction. Indeed, it discussed all subsections of § 2 and whether they were content-neutral. It is not clear that petitioner's conduct would fall only under § 2(a) or (b) of the statute and not under § 2(c). Respondent's argument that the ruling in *Sanders* would have had no effect on the proceedings in *Woodstock Hunt Club* had it been the existing law at the time of the contempt proceedings therefore fails.

█ Respondent next alleges that petitioner's conviction was for indirect criminal contempt of court based on the finding of his willful violation of a court order and was not for a direct violation of the Act. He claims that the Illinois Supreme Court's decision in *Sanders* therefore has no impact on the conviction. Because respondent cites no case law to support this argument, the court finds that it is waived and declines to address it.

█ This leads the court to the merits of petitioner's claim that his conviction for amplified speech directed at hunters violates his First Amendment rights. Petitioner relies entirely on *Sanders* in support of his claim, citing no United States Supreme Court law to support his position that his conviction violates the First Amendment. 28 U.S.C. § 2254(d)(1) (court may grant habeas relief only if state court determination violates "clearly established federal law as determined by the U.S. Supreme Court"). Although the court in *Sanders* cited U.S. Supreme Court precedent for basic tenets of First Amendment law, it cited only state court law in its discussion concerning whether the Act was unconstitutional. The state law cited in Justice Harrison's concurrence indicates that the state courts are not in perfect

**2.** Considering the Illinois Supreme Court's ruling in *Sanders,* this would have been petitioner's most likely chance of successfully challenging his conviction.

agreement as to whether hunter protection statutes violate the First Amendment. *Id.* at 1150. The U.S. Supreme Court has apparently not addressed the issue. For that reason, the court must deny habeas relief based on petitioner's claim that his contempt conviction violates the First Amendment. 28 U.S.C. § 2254(d)(1).

Petitioner next complains that he received ineffective assistance of trial counsel at his criminal contempt hearing, raising the 10 separate instances noted above where he alleges counsel's performance fell short of the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Respondent claims that petitioner has procedurally defaulted six of these claims and that the remainder are meritless.

Because the trial court denied the post-conviction petition without an evidentiary hearing, the Appellate Court accepted as true all of the additional factual allegations included in petitioner's affidavits, including assertions concerning his counsel's alleged conflict of interest; his reluctance to call his co-counsel, Richard Grossman, as a witness; and co-counsel's advice to petitioner concerning the contents of the TRO and what activity was allowed under it. The court nevertheless rejected petitioner's claims of ineffective assistance of counsel and affirmed the dismissal of the petition.

■■■ As to claim 2(a), that trial counsel was operating under a conflict of interest, respondent merely states that the issue is "(n)either admitted or denied this matter is as [sic] petitioner has insufficient information upon which to base an answer." [3] The Appellate Court found that petitioner had not shown that failing to call Grossman as a witness prejudiced his de-

fense, as required under the second prong of *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. It noted that evidence that Hindi was simply following Grossman's interpretation of the TRO would not have changed the outcome of the trial because "it is no defense to a criminal prosecution that the defendant acted in good faith, relying on the advice of counsel." Order at 8 (quoting 21 Am.Jur.2d *Criminal Law* § 156 (1998)). Petitioner makes no response to this finding and no explanation as to why the Appellate Court's ruling was in contravention of U.S. Supreme Court law. The court therefore denies habeas relief as to this claim.

■■■ The Appellate Court found that petitioner had waived claims 2(b), (c), (e), (f), (g) and (i) because he failed to cite applicable case law in support of them, in violation of Illinois Supreme Court Rule 341(e)(7). Petitioner mistakenly believes that the court found that counsel waived these issues during trial. To support his assertion that trial counsel raised these issues during the contempt proceeding and that the Illinois Appellate Court's finding that they were waived was improper, petitioner includes numerous quotes from the transcript of the contempt proceeding. This misconstrues the Appellate Court's rulings that petitioner had waived numerous issues in the *post-conviction petition itself,* not at trial. The claims it deemed waived pursuant to Rule 341(e)(7) were found to be so because the post-conviction petition and supporting briefs themselves failed to cite to applicable case law: "(w)e conclude that Hindi has cited no authority in support of his argument and that Rule 341(e)(7) applies." The court also stated that "Hindi does not [ ] provide reasons

3. In his answer to the petition, respondent took the unusual posture of responding to allegations in the petition with "(n)either admitted or denied as Respondent has insufficient information upon which to base an answer." Petitioner asserts that this response violates Rule 11, as the allegations involve issues or factual allegations raised in the underlying proceedings, the records of which

respondent may easily access. While the court agrees that this response is inappropriate, respondent also stated that the Illinois Appellate Court found the issues waived, citing the page of the order. The court will therefore address respondent's arguments that certain of petitioner's claims are procedurally defaulted.

why, but for these alleged professional errors of Bruno, there is a reasonable probability that the result of the proceeding would have been different." Despite this warning as to the consequences of failure to cite applicable case law and provide supporting argument, petitioner cites virtually no law in support of his claims in the instant habeas petition. Instead, he refers the court to the pleadings and briefs filed in the Illinois courts, disregarding the state court's finding that these briefs were inadequate.

 The court finds, therefore, that petitioner has procedurally defaulted claims 2(b), (c), (e), (f), (g) and (i) because the Appellate Court's finding that petitioner failed to comply with an Illinois Supreme Court rule is an independent and adequate state law ground for its decision and is inappropriate for federal habeas review. The court also finds that petitioner failed to address the Appellate Court's finding that he did not support his claims of ineffective assistance of counsel with argument concerning the reasonable probability that the result of the proceeding would have been different if counsel had

acted differently.[4] Without an explanation as to why the state court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court," the court cannot grant habeas corpus relief. 28 U.S.C. § 2254(d)(1).

As to the remaining claims of ineffective assistance of counsel, the Appellate Court addressed as one claim the allegations that defense presented no defense to the criminal contempt charge and failed to rehabilitate petitioner through cross-examination (presented in the habeas petition as claims 2(d) and (h)). The court found that Hindi did testify as to these matters during direct examination and that the trial court simply found that he was not truthful. Eliciting such information as part of a defense would not have changed the outcome of the proceeding.

Finally, as to 2(j), the court found that Hindi failed to explain how moving for a mitigation hearing and calling Grossman as a witness would have changed the outcome of the proceeding. It found that even if it accepted Hindi's allegation that

4. The court feels compelled to comment on the substandard quality of the briefing in this case. Petitioner makes bare bones assertions in the petition, referring the court to the briefs filed in the state court proceedings to support his claims. Although this court is bound to grant relief for claims that a state court has adjudicated on their merits only if that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court," petitioner fails to refer the court to U.S. Supreme Court law and in large part fails to cite to any case law at all in support of his claims. For example, a sweeping statement that the "circumstances fail( ) to conform to the Fifth Amendment which is supreme law," without any supporting case law or argument, is insufficient to present a Fifth Amendment argument to the court. The reliance on briefs filed in support of a post-conviction petition in state court does not provide this court with helpful arguments as to why the Illinois Appellate Court's subsequent rulings on those arguments "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

In his answer, respondent repeatedly asserts that he "has insufficient information upon which to base an answer." As petitioner points out, this is ludicrous and violative of Rule 11 as well. The record in the case, which respondent was compelled to investigate, has ample information concerning the issues petitioner raised, whether they were properly raised in previous state court proceedings, and the state courts' rulings on these issue. This abdication of respondent's duty to direct the court to procedural default of issues or to the Illinois courts' holdings on the merits of petitioner's claims, coupled with the petitioner's failure to support his claims with citations to U.S. Supreme Court law as required by 28 U.S.C. § 2254(d)(1), has resulted in the court's having to perform the attorneys' duties and parse through the voluminous state court record simply to find petitioner's arguments and the Illinois courts' rulings on them.

Grossman would have testified about the advice he gave Hindi concerning the contents of the TRO, it would not have changed the outcome of the proceeding and indeed might have "made Hindi look foolish in the eyes of the court." Again, the court must deny these claims based on petitioner's failure to comply with the directives of § 2254(d)(1) and explain how the state court's ruling involved an unreasonable application of U.S. Supreme Court law.

In his third claim in support of his habeas petition, petitioner argues that the trial court ignored its obligation to extend the right of allocution to petitioner during sentencing. Respondent claims that this issue is procedurally defaulted because it was not previously raised in any state court proceeding. That is incorrect. Petitioner raised the issue in post-conviction proceedings and the Appellate Court addressed its merits. The court found, however, that this issue was barred by the doctrine of res judicata in post-conviction proceedings. The reason for this was that on direct review, the Appellate Court ruled that the issue was waived because petitioner did not request the opportunity to make a statement in mitigation. Petitioner attempts no explanation of why this finding is contrary to U.S. Supreme Court precedent. The court denies habeas relief as to this claim.

 Next, petitioner alleges that counsel failed to bring a post-trial motion to challenge the sufficiency of the evidence and to point out that in determining guilt, the trial court had relied on conduct that predated the issuance of the TRO. Respondent's only answer to the claim is that "(b)ased upon information and belief this matter is procedurally defaulted. A federal habeas petitioner could not rely on ineffective assistance of counsel as the 'cause of his procedural default, such as filing

post trial motions.' " Respondent fails to cite any case law to support this contention. A criminal defendant is entitled to counsel on direct appeal and the court sees no reason why the right to effective counsel would not require counsel to file appropriate post-trial motions. The court therefore turns to petitioner's arguments.

In the brief in support of petitioner's post-conviction petition was the following statement:

Following trial, sentencing and incarceration, and notwithstanding time to reflect and review the evidence and the trial court's findings, [trial counsel] neglected to bring a post-trial motion identifying the errors detailed hereinabove, again waiving an appellate issue.

In the brief appealing the denial of post-conviction relief, petitioner stated:

Having failed, at every available juncture of the trial, to challenge the sufficiency of the evidence of notice and knowledge of the contents of the TRO, trial counsel then failed to bring a post trial motion, sealing the fate of this claim as having been waived.

These statements are simply insufficient to present a claim of a constitutional violation in a state court proceeding on habeas review in this court. Again, Hindi has failed to point to a U.S. Supreme Court case that the Appellate Court's decision contradicted or erroneously applied. See 28 U.S.C. § 2254(d)(1).[5]

The final issue petitioner presents to this court is that the state Appellate Court relied on the sentencing remarks of the trial court for affirmance, despite the fact that the trial court was relying on acts that had occurred prior to the issuance of the TRO. Respondent states only that the trial court made findings of facts based on the evidence, as did the Appellate Court on review, and that this court should not disturb those findings.[6]

---

5. Unsurprisingly, the Illinois Appellate Court did not address this claim separately from petitioner's other ineffective assistance claims. Considering its finding that petitioner's claims of ineffective assistance were meritless, the failure to file a post-trial motion

raising those issues would also not be considered ineffective assistance.

6. Again, respondent misses the opportunity to allege procedural default. This issue not presented to the Illinois Supreme Court on direct

On direct appeal, the Appellate Court stated that "the trial court heard evidence regarding Hindi's violation of the TRO and had the opportunity to view Hindi as he testified. Certainly, the trial court was in a better position to determine a sentence than is this court, which only had the opportunity to review the sterile transcripts of the hearing." *Woodstock Hunt Club*, 684 N.E.2d at 1095. This statement belies petitioner's contention that the trial court relied "exclusively" on the videotape, and therefore pre-TRO behavior, for its finding of guilt. The Appellate Court also relied on the trial court's credibility determinations in affirming petitioner's sentence. During post-conviction proceedings, petitioner raised this issue in the context of ineffective assistance of counsel. Again, Hindi has not cited to any Supreme Court case law that supports his position that the state court's ruling was contrary to, or involved an unreasonable application of, U.S. Supreme Court law. As such, Hindi's § 2254 petition fails in its entirety.

**ORDERED:** For the foregoing reasons, the court denies the petition for a writ of habeas corpus in its entirety.

appeal. It also appears in the initial brief in support of the post-conviction petition only in the context of his ineffective assistance claims.