**Reginald ROBINSON, Petitioner,**

v.

**Jimmy STEGALL, Respondent.**

No. Civ. 97–CV–70308DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 6, 2002.

Elizabeth L. Jacobs, Detroit, MI, for petitioner.

## ORDER ENFORCING CONSENT JUDGMENT ENTERED ON DECEMBER 6, 1999

TARNOW, District Judge.

### *ORDER GRANTING WRIT OF HABEAS CORPUS*[1]

#### I.

Petitioner filed an application for writ of habeas corpus on or about January 30, 1997. In his application petitioner challenged his August 26, 1992, conviction of kidnapping, M.C.L. § 750.349, and his ten to twenty year prison sentence for that crime.

On December 6, 1999, a Consent Judgment was entered which provided:

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is conditionally granted. Unless the state takes action to afford Petitioner a full hearing in the trial court to determine whether Petitioner was denied the effective assistance of counsel or his counsel had a conflict of interest within ninety (90) days of the date of this Order, the Court shall issue the writ ordering the Respondent to vacate the sentence and conviction.

This hearing is to be considered as part of Petitioner's appeal of right.

*Robinson v. Stegall*, 97–CV–70308–DT (December 6, 1999).

On March 2, 3, and 6, 2000, an evidentiary hearing concerning Petitioner's ineffective assistance of counsel claims was held in the state trial court in conformity with the consent judgment.[2] Following the hearing, Judge Daniel P. Ryan issued an order from the bench denying Petitioner's motion for a new trial. A written order denying Petitioner's motion for a new trial was signed and entered on March 6, 2000.

Petitioner timely filed through counsel, Suzanna Kostovski, a notice of appeal in the Michigan Court of Appeals.[3] On July 7, 2000, the Michigan Court of Appeals *sua sponte* entered an Order dismissing Petitioner's appeal. The Order stated that "[t]he claim of appeal is DISMISSED for lack of jurisdiction because a criminal defendant may only challenge an order denying a motion for relief from judgment under M.C.R. 6.500 *et seq.* by filing an ap-

---

1. Staff Attorney Marty Cadwell provided quality research assistance.

2. An evidentiary hearing to determine whether the factual basis existed to support a claim of ineffective assistance of counsel is called a *Ginther* hearing in Michigan. In *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973), the Michigan Supreme Court held that:

    A defendant who wishes to advance claims that depend on matters not of record can properly be required to seek at the trial court level an evidentiary hearing for the purpose of establishing his claims with evidence as a precondition to invoking the processes of the appellate courts except in the rare case where the record manifestly shows that judge would refuse a hearing; in such a case the defendant should seek on appeal, not a reversal of his conviction, but an order directing the trial court to conduct the needed hearing.

    *Id.* at 443–44, 212 N.W.2d 922.

3. Attorney Kostovski represented Petitioner in the Michigan Court of Appeals and the Michigan Supreme Court in his attempts to obtain appellate review of the trial court's denial of his motion for a new trial which followed his evidentiary hearing in the trial court.

plication for leave to appeal under M.C.R. 7.205. See M.C.R. 6.509(A). Even though the order in question does not specifically state that appellant brought the motion under the rule in question, a criminal defendant may only petition the lower court for post-appellate relief under this subchapter. See M.C.R. 6.501." *People v. Robinson,* Michigan Court of Appeals Docket No. 227154 (July 7, 2000).

On July 27, 2000, Petitioner timely filed through counsel a Motion for Rehearing of the Michigan Court of Appeals Order. On August 31, 2000, the Michigan Court of Appeals entered an Order denying Petitioner's Motion for Rehearing. The Order stated that Judge White would grant rehearing. *People v. Robinson,* Michigan Court of Appeals Docket No. 227154 (August 31, 2000).

Petitioner next filed through counsel a delayed application for leave to appeal in the Michigan Supreme Court. Petitioner's Brief in Support of Defendant–Appellant's Delayed Application for Leave to Appeal in the Michigan Supreme Court clearly sets forth the procedural history of Petitioner's case and the substance of the consent judgment entered in this Court, including the statement that, to fulfill the requirements of the Consent Judgment, Petitioner's *Ginther* hearing was to be considered as part of petitioner's appeal of right. The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal the July 7, 2000, decision of the Michigan Court of Appeals, stating only that it was "not persuaded that the question presented should be reviewed by this Court." *People v. Robinson,* 464 Mich. 857, 627 N.W.2d 605 (2001).

## II.

On March 11, 2002, this Court entered an Order to Show Cause requiring Respondent to show cause why the writ should not issue, as it appeared that the Michigan Court of Appeals had not considered Petitioner's appeal from the denial of his motion for a new trial after his *Ginther* hearing as a part of his appeal of right, in violation of the Consent Judgement.

On March 19, 2002, Respondent answered the Order to Show Cause. Oral argument was held on April 12, 2002.

In his Answer and at oral argument Respondent asserted that the Consent Judgment was ambiguous as to "who," that is, which court, was to consider Petitioner's *Ginther* hearing "as part of Petitioner's appeal of right." Respondent's Answer to Order to Show Cause at 4. Respondent argued that the Consent Judgment is ambiguous as to which court is to consider the *Ginther* hearing as part of Petitioner's appeal of right, because the Consent Judgment uses the passive voice and states "[t]his hearing is to be considered as part of Petitioner's appeal of right," rather than stating in the active voice that the trial court and the Michigan Court of Appeals are to consider Petitioner's *Ginther* hearing as part of his appeal of right. Petitioner contends that it was "never the intent of the parties in entering into the Consent Judgment" to create "an obligation for the Michigan Court of Appeals to consider and review the trial court hearing as if it were a new appeal of right." *Id.*

Respondent further contended that "the language used in the final sentence of the Consent Judgment is ambiguous." *Id.* Respondent maintained that the phrase "[t]his hearing is to be considered as part of Petitioner's appeal of right" could properly be interpreted in "any number" of ways, including (1) that this Court is to consider the hearing as if it had been part of Petitioner's appeal of right, (2) that only the trial court holding the hearing was to consider the hearing as if it had been raised as part of Petitioner's appeal of

right, and (3) the Michigan Court of Appeals was to consider the hearing as part of Petitioner's appeal of right and afford Petitioner an appeal of right from the hearing. *Id.* at 4–5.

Respondent finally contended that the obligation created by the Consent Judgement to treat Petitioner's *Ginther* hearing as part of his appeal of right was satisfied when the trial court held the *Ginther* hearing without requiring Petitioner to filed a motion under M.C.R. 6.500.

Petitioner's counsel stated at oral argument that, at the end of the *Ginther* hearing, she indicated to the trial court judge that this hearing was part of an appeal of right and that an attorney would have to be appointed for Petitioner.[4]

■ The District Court may issue a conditional writ of habeas corpus requiring that a petitioner receive an appeal of right or that the prisoner be released. *Robert Elliot Williams v. Terry Pitcher*, Memorandum Opinion and Order, Docket No. 91–CV–74652–DT (December 16, 1992).

### III.

■ The Sixth Circuit Court of Appeals " 'has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it . . . .' " *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir.2000) (quoting *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282–83 (6th Cir.1986)). However, " '[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms.' " *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d at 419 (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988)).

In *Therma–Scan, Inc.* the Court of Appeals reversed the District Court's enforcement of a settlement agreement. The case involved a dispute between Therma–Scan, Inc. (or TSI) which performed infra-red medical thermal imaging examinations and the similarly named Thermoscan, Inc., a manufacturer of hand-held products to determine human body temperature by measuring the heat within the ear. The settlement agreement included language indicating that Thermoscan, Inc. would "prominently" display the Braun[5] name on its products and that this display did not have to be of a particular size, as long as it was "just visible." *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d at 419.

The appellate court found that the settlement agreement contained ambiguous material terms which the District Court had placed in the agreement. One side (TSI) emphasized that the Braun mark was to be "prominently displayed." The other side (Thermoscan) emphasized that the Braun mark merely had to be "just visible." The Sixth Circuit concluded that "[t]he end result was simply no objective manifestation of a 'meeting of the minds' on this material term of the settlement." *Therma–Scan, Inc. v. Thermoscan, Inc.*, 217 F.3d at 420 (citing *United Paperworkers Int'l Union v. Champion Int'l Corp.*, 908 F.2d 1252, 1258 (5th Cir.1990) ("In determining whether there was a meeting of the minds, the parties' objective, rather

---

4. The trial judge appointed appellate counsel. Petitioner's counsel and this Court noted that, although the trial judge had the authority to appoint appellate counsel in an appeal of an MCR 6.500 motion (collateral review, without appeal as of right), that is rarely done, particularly in cases where the defendant's motion is denied. Consequently, the trial court's ap-

pointment of appellate counsel suggests that the trial court believed that Petitioner's appeal of the denial of his motion for a new trial was an appeal of right.

5. Thermoscan was purchased by The Gillette Company which also owned Braun, Inc.

than subjective, intent governs.")). Therefore, the Court of Appeals held that enforcement of the settlement agreement was an abuse of discretion.

The present case is distinguishable from *Therma–Scan.* In this case, the parties agreed in a Consent Judgment that the writ of habeas corpus was conditionally granted. The Consent Judgment further stated that, unless Petitioner received a full hearing in the trial court within ninety (90) days of the date of the order, the "Court shall issue the writ ordering Respondent to vacate the sentence and conviction," and further, that "[t]his hearing is to be considered *as part of Petitioner's appeal of right." Robinson v. Stegall,* 97–CV–70308–DT (December 6, 1999) (emphasis added).

■ This Court is not persuaded that there is any ambiguity in the phrase "this hearing is to be considered as part of Petitioner's appeal of right." Appeals of right of State felony convictions are adjudicated in Michigan by the Michigan Court of Appeals, not the state trial courts, or the federal District Courts. M.C.R. 7.203(A). Where it is agreed that a hearing is "part" of a petitioner's appeal of right, it is unreasonable to contend that only the trial court conducting the hearing is required to adjudicate the matter as an appeal of right. The hearing may only be "part" of Petitioner's appeal of right if the Michigan Court of Appeals adjudicates Petitioner's challenge to the outcome of the hearing as a matter of right.

This Court finds as a matter of fact that the parties in this case agreed that Petitioner's *Ginther* hearing would be considered as a part of Petitioner's appeal of right in the Michigan Court of Appeals. The Consent Judgment stated that the writ is conditionally granted, that Petitioner must receive a full hearing in the trial court, that the hearing is to be considered as a *part* of his appeal of right, and if the

terms of the Consent Judgment are not fulfilled, this Court shall issue the writ ordering Respondent to vacate Petitioner's sentence and conviction. Nowhere does the Consent Judgment state that Petitioner shall be entitled as of right to only a hearing in the trial court, or that, after a hearing in the trial court, a discretionary appeal in the Michigan Court of Appeals would satisfy the requirements of the Consent Judgment. On the contrary, the Consent Judgment states that Petitioner's *Ginther* hearing "is to be considered as part of Petitioner's appeal of right." The language of the Consent Judgment itself, stating that Petitioner's *Ginther* hearing was to be considered *part* of Petitioner's appeal of right unambiguously indicates that Petitioner is to receive a full evidentiary hearing, which is only a part of his appeal of right, the remainder of which we shall see must take place in the Michigan Court of Appeals.

Respondent's claim that having the trial court alone consider the *Ginther* hearing as if it had been raised in Petitioner's appeal of right also fails. No appeal of a felony conviction may be heard in the trial court alone. The trial court may hear a motion for a new trial and hold an evidentiary hearing on matters such as a claim of ineffective assistance of counsel as part of an appeal of right, but the trial court may not itself fully adjudicate an appeal of right of a felony conviction. Hence, Respondent's claim that Petitioner's *Ginther* hearing could be considered by the trial court alone, as if it had been raised in his appeal of right, lacks merit.

■ The Michigan Court of Appeals may remand to the trial court to hold an evidentiary hearing on the question of ineffective assistance of counsel when the defendant so moves in the Michigan Court of Appeals, *People v. Ginther,* 390 Mich. at 443–44, 212 N.W.2d 922, or when the trial court improvidently denies a motion for

such a hearing, or denies a motion for a new trial without holding such a hearing. *People v. Ford*, 417 Mich. 66, 112–13, 331 N.W.2d 878 (1982); *People v. Williams*, 391 Mich. 832 (1974). When the Michigan Court of Appeals remands a case to the trial court for a *Ginther* hearing the appellate court may or may not retain jurisdiction. See, *People v. Mathews*, 1998 WL 1989739 (Mich.App.) (*per curiam*) (October 6, 1998) (not retaining jurisdiction) and *People v. Murry*, 2001 WL 753932 (Mich. App.) (*per curiam*) (July 3, 2001) (retaining jurisdiction). However, in no case may the trial court adjudicate a defendant's entire appeal of right. Therefore, Respondent's claim that only the trial court was required to treat Petitioner's *Ginther* hearing as a part of his appeal of right to satisfy the requirements of the Consent Judgment is unreasonable.

This Court concludes that the requirements of the Consent Judgment have not been met because the Michigan Court of Appeals failed to consider the trial court's denial of Petitioner's motion for a new trial after his *Ginther* hearing as part of Petitioner's appeal of right. Accordingly, as set forth in the Consent Judgment agreed upon by the parties, this Court shall issue the writ of habeas corpus ordering Respondent to vacate Petitioner's sentence and conviction and release Petitioner from custody.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **CONDITIONALLY GRANTED.** The State must retry Petitioner within 120 days of the date of this order. If the State fails to take such action, this Court shall issue of an additional writ unconditionally releasing Petitioner from state custody.