**Maurice D. WHITING, Petitioner,**

v.

**Sherry BURT, Respondent,**

**No. CIV. 02–CV–74359–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

June 10, 2003.

641

Maurice Whiting, Southern Michigan
Correctional Facility, Jackson, MI, for pe-
titioner.

Brenda E. Turner, Michigan Depart-
ment of Attorney General, Habeas Corpus
Division, Raina I. Korbakis, Michigan De-
partment of Attorney General, Habeas
Corpus Division, Lansing, MI, for respon-
dent.

*OPINION AND ORDER CONDITION-
ALLY GRANTING THE PETITION*

## FOR WRIT OF HABEAS CORPUS[1]

TARNOW, District Judge.

Maurice D. Whiting, ("petitioner"), presently confined at the Southern Michigan Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed both *pro per* and through counsel James Sterling Lawrence, petitioner challenges his conviction on one count of first-degree felony murder, M.C.L.A. 750.316; M.S.A. 28.548. For the reasons stated below, petitioner's application for writ of habeas corpus is **CONDITIONALLY GRANTED**.

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Detroit Recorder's Court.[2] Petitioner was represented at his trial by attorney Lawrence E. Schultz.

On direct appeal, petitioner was again represented by his trial counsel, Lawrence E. Schultz. Mr. Schultz filed a fourteen page appellate brief which raised the following two claims:

> I. Should the trial court have suppressed the statement given by the defendant to the police?
>
> II. Did the conviction on charges of armed robbery and second degree murder along with the felony murder conviction constitute double jeopardy?

The Michigan Court of Appeals determined that petitioner's statement to the police had been voluntarily given, but vacated petitioner's armed robbery conviction on double jeopardy grounds. *People v. Whiting,* 192192, 1997 WL 33351186 (Mich.Ct.App. April 15, 1997); *lv. den.* 456 Mich. 943, 575 N.W.2d 560 (1998).[3]

Petitioner thereafter filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Whiting,* 95–04355 (Wayne County Circuit Court, January 5, 2001).[4] The Michigan appellate courts denied petitioner's application for leave to appeal pursuant to M.C.R. 6.508(D). *People v. Whiting,* 238722 (Mich.Ct.App. February 14, 2002); *lv. den.* 467 Mich. 882; —— N.W.2d —— (2002). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner's statement to police was involuntary and inadmissible.
>
> II. Petitioner was denied a fair trial by testimony and argument that a prosecution witness had an agreement with the prosecutor to testify "truthfully".
>
> III. Petitioner was denied the effective assistance of [trial] counsel by failure to investigate, prepare and advance a diminished capacity/criminal responsibility defense, and by failure to request a cautionary instruction regarding testimony by an alleged accomplice.
>
> IV. Petitioner was denied a fair trial where the trial judge reinstructed the jury with incomplete instructions that prejudiced his defense.

---

1. Staff Attorney Daniel H. Besser provided quality research assistance.

2. Petitioner was also convicted of second-degree murder and armed robbery. These convictions were later vacated.

3. It is unclear from the record when petitioner's second-degree murder conviction was vacated.

4. In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F.Supp.2d 989, 996–997 (E.D.Mich.1999).

V. Petitioner was prejudiced by ineffective assistance of appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409, 120 S.Ct. 1495. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11, 120 S.Ct. 1495.

## III. Discussion

The Court will first address petitioner's fifth claim. In his fifth claim, petitioner contends that he was deprived the effective assistance of appellate counsel, because appellate counsel failed to raise petitioner's second, third, or fourth claims in petitioner's appeal of right with the Michigan Court of Appeals. Petitioner further alleges that his appellate counsel, Lawrence E. Schultz, labored under a conflict of interest, because he had also been petitioner's trial counsel. Petitioner contends that this conflict of interest adversely affected Schultz' representation of him on appeal, particularly with respect to raising the ineffective assistance of trial counsel claims that petitioner raises in his third claim in this petition. One of the forms of relief that petitioner has requested is a new appeal of right in the state courts.

Although not specifically addressed by respondent in her answer, the Court briefly discusses whether petitioner's conflict of interest claim was properly exhausted with the Michigan courts. Although respondent failed to raise the exhaustion issue in her answer, this defense is not waived unless the State, through counsel, expressly waives the exhaustion requirement. *Benoit v. Bock*, 237 F.Supp.2d 804, 806 (E.D.Mich.2003); 28 U.S.C. § 2254(b)(3). Moreover, "considerations of comity and federalism" require this Court to raise the exhaustion issue *sua sponte. Id.*

In the present case, petitioner's post-conviction counsel did not raise a separate ineffective assistance of appellate counsel claim in his motion for relief from judgment. However, post-conviction counsel argued ineffective assistance of appellate counsel to establish "cause", as re-

quired by M.C.R. 6.508(D)(3), to excuse petitioner's failure to raise his post-conviction claims in his appeal of right. As part of this argument, post-conviction counsel made one reference to the conflict of interest issue:

"Since the same attorney represented Defendant at the appellate levels, it is not surprising that the issues concerning ineffective assistance of counsel were not raised at that time."[5]

This reference is sufficient to fairly present this claim to the Michigan courts.

█ As to any possible procedural default for failure to raise this issue in the first appeal; this Court will not enforce any possible procedural default of the conflict of interest claim, because respondent failed to raise the defense of procedural default in her answer with respect to this specific claim. *Benoit v. Bock*, 237 F.Supp.2d at 807. As the judge in *Benoit* indicated, with the exception of the exhaustion issue, "the Sixth Circuit strongly discourages the *sua sponte* invocation of procedural affirmative defenses that were not raised by the respondent." *Id.* (*Citing to Scott v. Collins*, 286 F.3d 923, 928–929 (6th Cir.2002)). Thus, although the issue of exhaustion must be expressly waived by respondent, "the same is not true for the affirmative defense of procedural default." *Id.* Therefore, respondent's failure to raise the procedural default defense in this case can be considered an implicit waiver of that issue. *Benoit*, 237 F.Supp.2d at 807.

█ The Court further notes that the respondent did not specifically address the merits of petitioner's conflict of interest claim in her answer to the petition. By

failing to address the merits of petitioner's conflict of interest claim, respondent has waived any substantive defenses to the merits of this claim. *See Dickens v. Jones*, 203 F.Supp.2d 354, 361 (E.D.Mich. 2002)(state waived affirmative defenses that habeas petitioner's federal habeas claims were noncognizable and waived because of petitioner's alleged misrepresentation and failure to object, where state failed to assert affirmative defenses in its initial answer to the habeas petition); *United States ex. rel. Hindi v. Warden of McHenry County Jail*, 82 F.Supp.2d 879, 883 (N.D.Ill.2000)(argument for which respondent in habeas proceeding cited no supporting case law was waived and would not be addressed by district court).[6]

█ Defense attorneys owe their clients a duty of loyalty, including the duty to avoid conflicts of interest. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(*citing to Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). However, a claim of a conflict of interest, by itself, is insufficient to justify reversal of a conviction. *Reedus v. Stegall*, 197 F.Supp.2d 767, 782 (E.D.Mich.2001)(citing to *United States v. Hall*, 200 F.3d 962, 966 (6th Cir.2000); additional citations omitted). Instead, a habeas petitioner must demonstrate "that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Reedus*, 197 F.Supp.2d at 782 (citing to *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052); *See also Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237, 1244, n. 5, 152 L.Ed.2d 291 (2002)(actual conflict of interest, for Sixth Amend-

---

**5.** *See* Motion for Relief From Judgment, p. 3, ¶ 3.

**6.** Of course, petitioner is not entitled to a default judgment on the ground that respondent failed to address this issue, because peti-

tioner has the burden of establishing that his custody is in violation of the U.S. Constitution. *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970).

ment purposes, is a conflict of interest that adversely affects counsel's performance). However, a petitioner who can show that his counsel operated under a conflict of interest which affected his representation need not establish prejudice. *Cuyler v. Sullivan,* 446 U.S. at 349–350, 100 S.Ct. 1708; *Tyler v. United States,* 78 F.Supp.2d 626, 631–632 (E.D.Mich.1999). Instead, prejudice is presumed, in connection with an ineffective assistance of counsel claim, where a defendant demonstrates actual conflicts of interest that compromise his or her attorney's ability to advocate his or her client's interests. *Olden v. United States,* 224 F.3d 561, 565 (6th Cir.2000)(*citing to Strickland,* 466 U.S. at 692, 104 S.Ct. 2052). The right to conflict-free counsel extends to defendants who seek appellate review of their convictions. *See e.g. Pisa v. Streeter,* 491 F.Supp. 530, 532–533 (D.Mass.1980).

In the present case, petitioner alleges that his appellate counsel was laboring under a conflict of interest which prevented him from raising the ineffective assistance of trial counsel claims that are raised in petitioner's third claim, because appellate counsel had also been petitioner's trial counsel. A number of cases have either held or suggested that it would be a conflict of interest for an appellate counsel who also represented a defendant at the trial level to raise an ineffective assistance of trial counsel claim on appeal. *See Ramsey v. United States,* 569 A.2d 142, 146 (D.C.1990)("It would be a conflict of interest for a lawyer to appeal a ruling premised on the lawyer's own ineffectiveness"); *Sullivan v. United States,* 721 A.2d 936, 937 (D.C.1998)(same); *Combs v. Coyle,* 205 F.3d 269, 276 (6th Cir.2000)("The State acknowledges that counsel cannot be expected to raise his own ineffectiveness on appeal"); *Cf. People v. Jaworski,* 387 Mich. 21, 32, 194 N.W.2d 868 (1972)(finding it an "anomaly" that the same attorney who

represented the defendant at his guilty plea would later help the defendant petition the Michigan Supreme Court to review the guilty plea procedure on the claim that the defendant did not understand his rights that he was waiving by pleading guilty). As the Fourth Circuit once noted:

> "The content of an appeal is heavily controlled by counsel, and where, as here, the defendant's trial lawyer also prosecuted the appeal, it is obvious that ineffective assistance of counsel is not likely to be raised at trial or appear among the assignments of constitutional error."

*Alston v. Garrison,* 720 F.2d 812, 815 (4th Cir.1983).

In *United States v. Del Muro,* 87 F.3d 1078, 1080 (9th Cir.1996), the Ninth Circuit held that prejudice was presumed from the inherent conflict of interest that was caused when the federal district court forced trial counsel to prove his own ineffectiveness. In so ruling, the Ninth Circuit noted that when the defendant's "allegedly incompetent trial attorney was compelled to produce new evidence and examine witnesses to prove his services to the defendant were ineffective, he was burdened with a strong disincentive to engage in vigorous argument and examination, or to communicate candidly with his client." *Id.* The Ninth Circuit went on to conclude that the conflict between the defendant and his trial counsel in this matter was not only actual but was also "likely to affect counsel's performance." *Id.*

This Court also notes that Guideline 4.3(a) of the National Legal Aid and Defender Association's (NLADA) *Guidelines for Legal Defense Systems in the United States* (1976) indicates that "[C]ounsel on appeal should be different from trial counsel and capable of exercising independent

review of the competence and performance of trial counsel." *Id.*

In the present case, petitioner has established that his appellate counsel was laboring under a conflict of interest after agreeing to represent petitioner on appeal after representing petitioner at his trial. Having represented petitioner at trial, appellate counsel had a strong disincentive to raise any ineffective assistance of trial counsel claims or to even communicate candidly with petitioner about any possible ineffective assistance of trial counsel claims. Simply put, appellate counsel could not be expected to raise the issue of his own ineffectiveness at trial on appeal. In addition, petitioner has shown that this conflict of interest adversely affected appellate counsel's performance in that appellate counsel failed to raise several colorable ineffective assistance of trial counsel claims.

Moreover, there is no indication that petitioner waived his right to conflict-free counsel on appeal on the record. It is true that a habeas petitioner may waive his right to conflict-free counsel. *Wallace v. Ward,* 191 F.3d 1235, 1245 (10th Cir.1999)(internal citation omitted). However, any waiver of the right to conflict-free counsel by a habeas petitioner must be "knowing, voluntary, and done with awareness of relevant circumstances and likely consequences." *Id.* A waiver will not be lightly presumed and a trial judge must indulge every reasonable presumption against a waiver. *Id.*

In the present case, there is nothing in the record to indicate that petitioner was warned by appellate counsel or any court about the potential conflict of interest in this case, nor is there any evidence that petitioner knowingly and voluntarily waived his right to conflict-free counsel. In addition, because respondent has not argued in her answer that petitioner

waived his right to conflict-free counsel on appeal, respondent has waived the right to assert such an affirmative defense to petitioner's claim. *Dickens v. Jones,* 203 F.Supp.2d at 361. In any event, even if petitioner may have accepted a potential conflict of interest when he hired his trial attorney to represent him on appeal, this would not preclude petitioner from establishing that the conflict of interest became actual and adversely effected counsel's performance. *See Marmol v. Dubois,* 855 F.Supp. 444, 447 (D.Mass.1994); *See also United States v. Rodriguez Rodriguez,* 929 F.2d 747, 750 (1st Cir.1991)(even knowing acceptance by defendant of counsel's representation despite potential conflict of interest does not preclude defendant from showing that conflict became actual and had adverse effect on representation).

The question becomes what the appropriate habeas remedy would be in this case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require". Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. *Dickens v. Jones,* 203 F.Supp.2d at 364. Federal district courts have broad discretion to fashion the appropriate form of habeas relief and that discretion includes conditionally granting a writ to pursue another appeal. *Robinson v. Stegall,* 206 F.Supp.2d 859, 862 (E.D.Mich.2002). The appropriate remedy for a violation of the Sixth Amendment based upon an appellate counsel's conflict of interest is to order a new appeal in the state appellate courts. *See Mathis v.*

*Hood,* 937 F.2d 790, 795–796 (2nd Cir. 1991).

Accordingly, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is conditionally granted. The writ will be granted if petitioner is not permitted to reinstate his appeal of right with the assistance of counsel in the Michigan Court of Appeals within one hundred and twenty (120) days from the date of this Opinion and Order. *Grady v. Artuz,* 931 F.Supp. 1048, 1074 (S.D.N.Y.1996).

Because this Court's conclusion that petitioner is entitled to habeas relief on this fifth claim is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Haynes v. Burke,* 115 F.Supp.2d 813, 819–820 (E.D.Mich.2000); *aff'd sub nom Miller v. Straub,* 299 F.3d 570 (6th Cir.2002); *cert. den. sub nom Burke v. Haynes,* —— U.S. ——, 123 S.Ct. 996, 154 L.Ed.2d 927 (2003).

### IV. *ORDER*

IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. UNLESS THE STATE TAKES ACTION TO AFFORD PETITIONER A NEW APPEAL OF RIGHT WITH COUNSEL WITH THE MICHIGAN COURT OF APPEALS WITHIN ONE HUNDRED AND TWENTY (120) DAYS OF THE DATE OF THIS OPINION, HE MAY APPLY FOR A WRIT ORDERING RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.