RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0029P (6th Cir.)
File Name: 04a0029p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

REGINALD ROBINSON,
    *Petitioner-Appellee.*

    *v.*                              No. 02-1898

JIMMY STEGALL, Warden,
    *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-70308—Arthur J. Tarnow, District Judge.

Argued: December 5, 2003

Decided and Filed: January 22, 2004

Before: NORRIS and GILMAN, Circuit Judges;
        BUNNING, District Judge.*

———————————

**COUNSEL**

**ARGUED:** Brad H. Beaver, OFFICE OF THE ATTORNEY
GENERAL, CORRECTIONS DIVISION, Lansing,

———————————

* The Honorable David L. Bunning, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

Michigan, for Appellant. Elizabeth L. Jacobs, Detroit,
Michigan, for Appellee. **ON BRIEF:** Brad H. Beaver,
OFFICE OF THE ATTORNEY GENERAL,
CORRECTIONS DIVISION, Lansing, Michigan, for
Appellant. Elizabeth L. Jacobs, Detroit, Michigan, for
Appellee.

———————————

**OPINION**

———————————

ALAN E. NORRIS, Circuit Judge. The State of Michigan
appeals on behalf of Warden Jimmy Stegall from the grant of
a writ of habeas corpus, 28 U.S.C. § 2254, to prisoner
Reginald Robinson. On appeal, we must determine whether
the alleged violation of a consent judgment entered into by
the parties is sufficient to warrant granting the writ despite the
fact that the district court did not specify which, if any,
federal constitutional right had been violated. Because a
district court may grant a writ of habeas corpus "only on the
ground that [a state prisoner] is in custody in violation of the
Constitution or laws or treaties of the United States,"
28 U.S.C. § 2254(a), we hold that the grant of the writ under
the circumstances presented by this case was premature and
therefore remand the matter for further proceedings consistent
with this opinion.

**I.**

In 1992, petitioner was convicted of kidnaping, in violation
of Mich. Comp. Laws § 750.349. During the trial, defense
counsel received a 13-day continuance to locate two
witnesses. Before court was adjourned, however, petitioner
told the judge, "Your Honor, I don't feel I'm being
represented right so I'm going to fire my lawyer." The court
replied, "You're not firing your lawyer now in the middle of
a trial. We're adjourning this case until the 26th and it's
going to conclude at that time."

When the proceedings resumed on August 26, 1992, defense counsel reiterated that "the attorney/client relationship has broken down" and that petitioner wanted a different attorney. A discussion ensued, during which petitioner told the judge "I'm going to leave and be in contempt of court. I'm not going to trial with him, man." He went on to state that he wished to testify but not without a new lawyer. The judge responded, "[W]e're either going to proceed with this case with your testimony at this time, or if you refuse to testify, even with this lawyer or in representing yourself, then this case will be concluded." Given this choice, the defense rested without calling any witnesses. Defendant was convicted and received a sentence of 10 to 20 years of imprisonment.

On appeal, petitioner raised several issues, including whether the trial court erred by refusing to allow him to retain new counsel. Although not raised explicitly in the trial court, petitioner argued that his attorney had a conflict of interest because an associate in the attorney's law firm represented petitioner's co-defendant. The Michigan Court of Appeals rejected this argument:

> On appeal, defendant alleges only the potential for a conflict of interest. Our review of the record indicates that the only prosecution witness cross-examined by codefendant's counsel was the officer who conducted the photo-showup, and that cocounsel elicited no testimony damaging to defendant. Neither defendant nor his codefendant presented a defense. Thus, our review of the record reveals no conflict of interest actually affecting the adequacy of defendant's representation.

*People v. Robinson*, No. 158824, slip op. at 9 (Mich. App. Jan. 5, 1996) (citations omitted). The Michigan Supreme Court denied leave to appeal.

On January 24, 1997, petitioner initiated this habeas corpus proceeding. Although a magistrate recommended that the

petition be denied, on December 6, 1999, the parties entered into a consent judgment that reads in full as follows:

> IT IS HEREBY ORDERED that the petition for writ of habeas corpus is conditionally granted. Unless the state takes action to afford Petitioner a full hearing in the trial court to determine whether Petitioner was denied the effective assistance of counsel or his counsel had a conflict of interest within ninety (90) days of the date of this Order, the Court shall issue the writ ordering the Respondent to vacate the sentence and conviction.

This hearing is to be considered as part of Petitioner's appeal of right. In response, the successor to the original trial judge conducted a hearing over a two-day period in March 2000. After the hearing, the trial court denied petitioner's claim on the record. After judgment was pronounced, counsel for petitioner requested appointment of appellate counsel, which ultimately occurred on May 9, 2000.

However, the Michigan Court of Appeals issued an order prior to briefing that dismissed the case for lack of jurisdiction under the Michigan Court Rules:

> The claim of appeal is DISMISSED for lack of jurisdiction because a criminal defendant may only challenge an order denying a motion for relief from judgment under MCR 6.500 *et seq.* by filing an application for leave to appeal under MCR 7.205. See MCR 6.509(A). Even though the order in question does not specifically state that appellant brought the motion under the rule in question, a criminal defendant may only petition the lower court for post-appellate relief under this subchapter. See MCR 6.501.

*People v. Robinson*, No. 227154, Order (Mich. App. July 7, 2000). Defense counsel had not sought leave to appeal, but rather had sought to appeal as of right. A motion for rehearing was denied, as was a subsequent delayed

application for leave to appeal to the Michigan Supreme Court.

Petitioner responded to these setbacks by filing a "Brief after Remand to State Trial Court" in the district court. The district court issued a show cause order in response to the failure of the Michigan courts to afford appellate review to the trial court's disposition of the ineffective assistance question. The order explains the following:

> Review of the record indicates that Petitioner's attempts to obtain appellate review of the trial court's denial of his motion for a new trial after receiving his *Ginther*[1] [hearing] were not treated as a part of his appeal of right in the Michigan Court of Appeals. The Michigan Supreme Court was given the opportunity to order the Michigan Court of Appeals to do so and comply with the terms of the Consent Judgment voluntarily entered into by the parties, but declined to do so.

*Robinson v. Stegall*, No. 97-CV-70308-DT, Order to Show Cause, at 4 (E.D. Mich. Mar. 12, 2002) (footnote added). After entertaining argument on the issue, the district court entered an order enforcing its consent judgment and granting a conditional writ of habeas corpus. *Robinson v. Stegall*, 206 F. Supp. 2d 859 (E.D. Mich. 2002). It reasoned as follows:

> This Court finds as a matter of fact that the parties in this case agreed that Petitioner's *Ginther* hearing would be considered as a part of Petitioner's appeal of right in the Michigan Court of Appeals. The Consent Judgment stated that the writ is conditionally granted, that Petitioner must receive a full hearing in the trial court, that the hearing is to be considered as a *part* of his appeal

---

[1] In Michigan, a post-trial hearing may be ordered if the record has not been sufficiently developed with respect to an ineffective assistance of counsel claim. *See People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973).

> of right, and if the terms of the Consent Judgment are not fulfilled, this Court shall issue the writ ordering Respondent to vacate Petitioner's sentence and conviction. Nowhere does the Consent Judgment state that Petitioner shall be entitled as of right to only a hearing in the trial court, or that, after a hearing in the trial court, a discretionary appeal in the Michigan Court of Appeals would satisfy the requirements of the Consent Judgment. On the contrary, the Consent Judgment states that Petitioner's *Ginther* hearing "is to be considered as part of Petitioner's appeal of right." The language of the Consent Judgment itself, stating that Petitioner's *Ginther* hearing was to be considered *part* of Petitioner's appeal of right unambiguously indicates that Petitioner is to receive a full evidentiary hearing, which is only a part of his appeal of right, the remainder of which . . . must take place in the Michigan Court of Appeals.

*Id.* at 863. The district court then ordered that the writ be granted unless the state retried the petitioner within 120 days.

## II.

As stated at the outset of this opinion, a district court may grant a writ of habeas corpus "only on the ground that [a state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a). In the instant case, the district court never found a violation of petitioner's Sixth Amendment rights, which is the only viable constitutional claim raised in the petition. Rather, the parties agreed that petitioner was entitled to a more fully developed record with respect to this claim and therefore entered into a consent judgment that provided for a *Ginther* hearing in state court. The trial court found no constitutional violation, however, and the Michigan appellate courts declined to consider the issue on the merits.

In its order granting the writ, the district court identifies no constitutional infirmity that justifies its action. Rather, it

relies on the perceived violation of the consent judgment negotiated by the parties and approved by the court. The consent judgment, however, did not stipulate to the conditional finding of a Sixth Amendment violation; it simply provided for further proceedings in the Michigan courts. Thus, even if the district court correctly held that the respondent violated the provisions of the consent judgment, that does not result in the finding of a constitutional violation. Because 28 U.S.C. § 2254(a) explicitly requires such a finding before the writ may issue, the district court's action was at best premature.

At this point in the proceedings, we find it inappropriate to review the merits of petitioner's Sixth Amendment claim. Rather, we shall remand the matter to the district court to allow it the first opportunity to evaluate the claim in light of the decision reached by the Michigan courts. In making this assessment, however, the district court will be guided by the standard of review imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. It may grant a habeas corpus petition only if it concludes that the state adjudication of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring).

### III.

The judgment of the district court is **reversed** and the writ of habeas corpus **withdrawn**. The cause of action is **remanded** for further proceedings consistent with this opinion.