**In re:  Larry L. WILSON, Movant.**

**No. 98–0501.**

United States Court of Appeals, Sixth Circuit.

April 29, 1998.

---

Larry L. Wilson, LaGrange, KY, pro se.

Before: GUY, RYAN, and DAUGHTREY, Circuit Judges.

## ORDER

Larry L. Wilson moves this court for an order authorizing a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244 (West 1997). After the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. §§ 2244 and 2254, a state prisoner may not file a second or successive habeas petition unless the court of appeals issues an order in which it authorizes the district court to consider the petition. The state has responded to Wilson's motion.

Documents submitted to the court reflect that following a jury trial in the Fayette County, Kentucky, Circuit Court in 1993, Wilson was convicted of second-degree rape and was sentenced to 8 years of imprisonment. While his direct criminal appeal was pending in the Kentucky Court of appeals, petitioner filed an initial petition for a writ of habeas corpus in federal court. In addition, Wilson filed a motion in the state trial court for post-conviction relief, which the trial court denied. Wilson filed a timely notice of appeal, and the Kentucky Court of Appeals held that appeal in abeyance pending its decision in Wilson's direct criminal appeal. Thereafter, the Kentucky Court of Appeals affirmed Wilson's conviction on direct appeal, and it does not appear that Wilson sought review in the Kentucky Supreme Court.

Shortly after the Kentucky Court of Appeals affirmed Wilson's conviction, the district court dismissed petitioner's initial federal habeas petition without prejudice for failure to exhaust state court remedies, and the Kentucky Court of Appeals affirmed the trial court's order denying Wilson's motion for post-conviction relief. Thereafter, this court affirmed the district court's judgment dismissing Wilson's federal habeas petition without prejudice. The Kentucky Supreme Court then denied review of the Kentucky Court of Appeals decision affirming the denial of Wilson's motion for post-conviction relief.

Now, Wilson seeks an order authorizing the district court to consider another federal habeas petition. Recently, this court joined every other court to consider the question and held that a habeas petition filed after a previous petition was dismissed without prejudice for failure to exhaust state court remedies is not a "second or successive" petition that may not be filed without an order from this court authorizing the district court to consider the petition. *See Carlson v. Pitcher,* 137 F.3d 416, 418–20 (6th Cir.1998); *McWilliams v. Colorado,* 121 F.3d 573, 575 (10th Cir.1997); *In re Gasery,* 116 F.3d 1051, 1052 (5th Cir.1997) (). Therefore, Wilson does not need an order from this court authorizing the district court to consider his proposed petition in this case.

Accordingly, the motion for an order authorizing the district court to consider a second or successive habeas petition is denied as unnecessary.