**Tracy TURNER, aka Terry Turner, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Respondent—Appellee.**

No. 00–56936.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2003.

Decided Sept. 8, 2003.

Cara DeVito, Esq., West Hills, CA, for Petitioner–Appellant.

Karen Bissonnette, DAG, Gary A. Lieberman, Esq., AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Petitioner Tracy Turner appeals the district court's decision to deny his current habeas corpus petition as untimely. We reverse and remand with instructions that the district court consider Turner's claims. The facts of this case are familiar to the parties and we recite them here only to the extent necessary.

**I. Successive Petitions under AEDPA.**

■ Turner filed two petitions in federal district court pursuant to 28 U.S.C. § 2254 before filing the current petition from which he appeals. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is required to receive authorization from the appellate court before filing a successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding. *Stewart v. Martinez–Villareal,* 523 U.S. 637, 645, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Since Turner's claims were not adjudicated and denied on the merits, the current petition does not come within the statutory restrictions on successive applications. *See id.*

Turner's first petition was dismissed for failure to name the state custodian. When a court dismisses an initial habeas petition for "technical procedural reasons" and "the habeas petitioner does not receive an adjudication of his claim," a subsequent petition is not "a second or successive motion" under AEDPA. *Id.* Therefore, Turner's first petition did not render further petitions successive because it was dismissed on procedural grounds. *See Sanders v. United States,* 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *United States v. Donn,* 661 F.2d 820, 823–24 (9th Cir. 1981).

Likewise, a subsequent petition cannot be deemed successive if the prior petition was dismissed or denied for lack of jurisdiction. *Dellenbach v. Hanks,* 76 F.3d 820, 822 (7th Cir.), *cert. denied,* 519 U.S. 894, 117 S.Ct. 237, 136 L.Ed.2d 167 (1996); *cf. Poyner v. Murray,* 508 U.S. 931, 932–33, 113 S.Ct. 2397, 124 L.Ed.2d 299 (1993) (Souter, J., respecting denial of *certiorari* ); *see also Franklin v. Oregon,* 662 F.2d 1337, 1343 (9th Cir.1981). The district court in Turner's second federal habeas petition found that it lacked subject matter jurisdiction to determine whether his due process rights were violated when the superior court did not, under rule 260 of the California Rules of Court, sufficiently recite its reasons for denying his state habeas petition. Since the district court lacked subject matter jurisdiction, "there was nothing left to do but to dismiss the case," and the court had no power to decide whether the second petition stated a claim. *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 807 (9th Cir.2001). Therefore, neither Turner's first nor second petition renders the current petition "successive."

**II. Statutory Tolling**

We turn next to decide whether Turner's current petition is timely under AEDPA. Turner filed numerous petitions in the California state court system. We conclude that Turner is entitled to tolling

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of the 28 U.S.C. § 2244(d)(1) one-year statute of limitations until he completed his first full round of appeals on July 14, 1999. The current federal habeas petition was filed on December 24, 1999, and is therefore timely.[1]

■ Pursuant to *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), "[a] round of state collateral review is not complete (and any claims raised are not exhausted), until the California Supreme Court's denial of review is final." *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir.2003) (citing *Saffold*, 536 U.S. at 220, 223, 122 S.Ct. 2134). Turner's initial state habeas petition was filed in California Supreme Court before his conviction was final. The California Supreme Court denied Turner's petition without comment or citation. Turner was allowed to refile his petition in state superior court, which in its minute order of November 16, 1998, gave as its reason for denying Turner's petition that his counsel had been competent. Since the issues were similar, Turner meets the first part of the two-part test set forth in *King v. Roe*, 340 F.3d 821 (9th Cir.2003). By filing a petition in superior court, Turner was "making 'proper use of state court procedures,' *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), and his application [was] still 'pending' for tolling purposes." *King v. Roe*, 340 F.3d 821, 823 (9th Cir.2003) (citing *Saffold*, 536 U.S. at 220, 122 S.Ct. 2134). Thus, although Turner, acting pro se, filed his first petition in California Supreme Court, we consider it to be a part of the first "full round" of collateral review. Therefore, we consider his claims "pending" for tolling purposes until the California Court of Appeal decision denying his petition for review on July 14, 1999.[2]

Turner also meets the second part of the *King* test because Turner's first application was not denied on the merits. As the Supreme Court noted in *Saffold*, ordinarily a California petitioner files a habeas petition in a lower court. If not, the appellate court may refuse to issue the writ so that the lower court can consider the application first. *Saffold*, 536 U.S. at 221–222, 122 S.Ct. 2134; *see also In re Ramirez*, 89 Cal.App.4th 1312, 1316, 108 Cal.Rptr.2d 229 (2001). Turner had not yet exhausted state procedures, *see* 28 U.S.C. § 2254(c), because he was appropriately pursuing state remedies. *See Nino*, 183 F.3d at 1006. Therefore, we conclude that his appeal was not denied on the merits since he was allowed to refile in California Superior Court and it ruled on the merits.

Since Turner filed his first petition in state court before his conviction became final, he is entitled to statutory tolling until his complete round of review became final on July 14, 1999. Under AEDPA, Turner's statute of limitations for filing a federal habeas corpus petition expired on July 13, 2000. He filed the current petition in federal court on December 24, 1999. Therefore, Turner's federal petition is timely.

**REVERSED AND REMANDED.**

---

1. Although Turner's petition was marked "filed" on January 6, 2000, Turner signed his current petition for habeas corpus on December 24, 1999. Both parties agree that Turner gave the petition to prison officials to mail in the last week of December 1999. Therefore, the mailbox rule applies. *Ford v. Hubbard*, 330 F.3d 1086, 1097 (9th Cir.2003).

2. Since the California Court of Appeal did not issue an order to show cause, under former rule 24(a) of the California Rules of Court, its decision denying Turner's petition became final on July 14, 1999. *See People v. Pendleton*, 25 Cal.3d 371, 382 n. 2, 158 Cal.Rptr. 343, 599 P.2d 649 (1979).