**Michael Charles WARD, Petitioner,**

**v.**

**Hugh WOLFENBARGER, Respondent,**

No. CIV.03–CV–72701, CIV.03–CV–72858–DT.

United States District Court,
E.D. Michigan,
Southern Division.

June 30, 2004.

Michael Ward, New Haven, MI, pro se.

Raina I. Korbakis, Brenda E. Turner, Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent.

## *OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS* [1]

TARNOW, District Judge.

Michael Charles Ward, ("petitioner"), presently confined at the Macomb Correc-

tional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. In his habeas application, filed *pro se*, petitioner challenges his 1971 convictions for possession of marijuana, M.C.L.A. 335.153; and possession of lysergic acid diethylamide (LSD), M.C.L.A. 335.341(4)(c). Petitioner also seeks the expungement of a carrying and concealing weapons (C.C.W.) charge from his arrest record. For the reasons stated below, petitioner's application for writ of habeas corpus is **CONDITIONALLY GRANTED.**

### I. Background

Petitioner was stopped by the police in 1970 for an alleged traffic violation. Police searched his vehicle and recovered some marijuana seeds and a hunting knife from the vehicle. Petitioner was arrested for carrying a concealed weapon and taken to the Huron County Jail. During a subsequent inventory search, police recovered some marijuana and LSD from the vehicle. Petitioner was charged with possession of LSD and possession of marijuana, but not with any C.C.W. charge. At the time of petitioner's arrest, possession of LSD and possession of marijuana were both felonies in Michigan. On January 20, 1971, a jury found petitioner guilty of both offenses. On February 10, 1971, petitioner was sentenced to 2½–10 years in prison on the possession of marijuana conviction and 2½–4 years on the possession of LSD conviction. At the time of sentencing, the trial court did not advise petitioner of his right to appeal or his right to the appointment of appellate counsel if he were unable to retain appellate counsel, in spite of the fact that petitioner had been represented by a court appointed attorney at trial.[2] Petitioner was discharged from these sentences on February 15, 1972.[3] Petitioner

---

1. Staff Attorney Daniel H. Besser provided quality research assistance.

2. *See* Sentencing Transcript, dated February 10, 1971, Petitioner's Appendix I, B.

3. *See* Petitioner's Opening Brief in Support of

never filed a direct appeal from these convictions, claiming that he failed to do so because the trial court never informed him of his right to appeal or his right to the appointment of appellate counsel.

On April 7, 1981, petitioner was found guilty in the Washtenaw County Circuit Court of possession with intent to deliver 650 or more grams of cocaine, contrary to M.C.L.A. 333.7401(1) and (2)(a)(i)(i). On May 8, 1981, petitioner was sentenced to life imprisonment without parole on this conviction. In 1998, Michigan Legislature's amended Michigan's drug statutes. M.C.L.A. 791.234(6), as amended by P.A. 1998, No. 314, effective October 1, 1998, indicates that a defendant convicted of violating or conspiring to violate section 7401(2)(a)(i) of the public health code, the section under which petitioner was convicted, shall be eligible for parole after serving seventeen and one half (17½) years in prison. Under M.C.L.A. 791.234(9), a defendant's sentence under section 7401(2)(a)(i) may be further reduced another two and one half (2½) years if the sentencing judge or his or her successor determines that the defendant cooperated with law enforcement. If the defendant had no relevant or useful information, the judge is required to conclude that the defendant cooperated with the police. Petitioner is currently incarcerated in prison on this conviction.

In 1980, petitioner filed a *pro se* post-conviction petition in the Huron County Circuit Court, alleging ineffectiveness of counsel on the ground that he had not been informed of his right to appeal these convictions. After being denied state post-conviction relief, petitioner filed a civil action in federal court, in which he requested equitable relief in the form of a declaratory judgment and an order compelling the

Huron County Circuit Court to recognize his right to take a direct appeal to the Michigan Court of Appeals and to appoint the State Appellate Defender's Office at county expense to represent him in that appeal. Petitioner named as defendants the Huron County Circuit judge and the Michigan Attorney General. *See Ward v. Knoblock,* 738 F.2d 134, 136 (6th Cir.1984); *cert. den.* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985). The Michigan Attorney General's Office filed a motion to dismiss, or in the alternative, a motion for summary judgment, arguing that petitioner's complaint should be construed as a petition for habeas corpus under 28 U.S.C. § 2254 and dismissed for failure of petitioner to allege that he was in custody on this conviction. The magistrate judge ruled that petitioner's complaint "was most closely analogous to a habeas corpus petition" since petitioner's claim that his allegedly unconstitutional conviction adversely affected his parole eligibility should be viewed as a challenge to the duration of his present incarceration. *Id.* The magistrate judge went on to recommend that petitioner's action be dismissed because his sentences had expired on his 1971 convictions. The federal district court adopted the magistrate judge's recommendation and dismissed the petition. *Id.* at 137. On appeal, the Sixth Circuit affirmed the dismissal of the lawsuit on the grounds that the district court lacked jurisdiction to entertain a habeas petition brought by petitioner in light of the fact that his sentences on his 1971 convictions had expired. *Ward,* 738 F.2d at 138–39.

In 2001, petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Ward,*

the Petition for Writ of Habeas Corpus, p. 3; *See also* the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take

judicial notice of, *See Dennis v. Burke,* 2003 WL 345369, * 1, fn. 1 (E.D.Mich. January 30, 2003).

70–2478–FH (Huron County Circuit Court, July 3, 2001). *In lieu* of granting leave to appeal, the Michigan Court of Appeals remanded the matter to the Huron County Circuit Court to enter an amended judgment of sentence *nunc pro tunc* to show that petitioner received a maximum sentence of no more than one year in jail for the marijuana conviction, pursuant to *People v. Sinclair*, 387 Mich. 91, 194 N.W.2d 878 (1972). In all other aspects, the application for leave to appeal was denied pursuant to M.C.R. 6.508(D). *People v. Ward*, 238813 (Mich.Ct.App. June 11, 2002). On remand, petitioner's sentence on the possession of marijuana charge was amended *nunc pro tunc* to one year, with 159 days jail credit. *People v. Ward*, (Huron County Circuit Court, July 2, 2002). The Michigan Court of Appeals rejected petitioner's motion for rehearing as being untimely.[4] The Michigan Supreme Court denied petitioner leave to appeal on February 28, 2003 pursuant to M.C.R. 6.508(D). *People v. Ward*, 468 Mich. 851, 658 N.W.2d 490 (2003). The Michigan Supreme Court denied reconsideration on May 30, 2003. *People v. Ward*, 468 Mich. 851, 662 N.W.2d 755 (2003).

 On June 16, 2003, petitioner filed the instant application for habeas relief with this Court.[5] Petitioner seeks habeas relief on the following grounds:

I. The state courts deprived petitioner of his right to due process and equal protection in violation of the state and federal constitution, and laws, when not vacating/setting aside and expunging petitioner's arrest, conviction and sentence for possession of marijuana, when the Michigan Supreme Court in *People v. Sinclair*, 387 Mich. 91, 194 N.W.2d 878 (1972), and its progeny, vacated numerous other similarly situated offender convictions, holding as "unconstitutional", the same "statute" (M.C.L. 335.153; M.S.A. 18.1123), [that] petitioner was arrested, charged, convicted, and sentenced under. U.S. Const. Am. 5, 14, Mich. Const. Art. 1, §§ 2, 17.

II. In the event this Federal Court believes a "remand" for resentencing was proper; the resentencing violated double jeopardy. U.S. Const. Am. 5, 14, Mich. Const. Art. 1, § 15.

III. If resentencing was permissible, the resentencing process, as applied to this petitioner, was prejudicial, and violated his rights under both state and federal constitution(s) and law; access to the court, due process, and equal protection clause(s). U.S. Const. Am. 5, 14, Mich. Const. Art. 1, §§ 2, 3, 5, 17, and 20.

IV. Petitioner's rights under the Due Process and Equal Protection Clause(s) of both state and federal constitution(s), under the law, was violated when petitioner was prosecuted, convicted, and sentenced on the "LSD" count 2, as a felony, and a sentence of 2½ to 4 years was imposed.

V. The state courts deprived petitioner of due process and equal protection under both the state and federal constitu-

---

**4.** *See* Letter from Sandra Schultz Mengel, Chief Clerk of the Michigan Court of Appeals, dated July 15, 2002.

**5.** Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin*, 68 F.Supp.2d 798, 799, fn. 2 (E.D.Mich.1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the Antiterrorism and Effective Death Penalty Act's one year limitations period. *Id.* Because petitioner's habeas petition is signed and dated June 16, 2003, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

tion (s), when refusing to adequately address, and order the expungement, of a "bogus" CCW arrest record, that never resulted in formal charges or prosecution, but is prejudicial.

VI. The trial court judge violated petitioner's rights under both the state and federal constitution (s) and law, to due process, access to the court, and equal protection of law, when demonstrating or giving the appearance of personal bias, and did impose a maximum sentence on [the] amended judgment of sentence, after remand, in retaliation for having successfully appealed, requiring that judge's disqualification/recusal, retroactive; petitioner to be resentenced before a different judge, in a different venue.

VII. Petitioner was denied his appeal of right, due to trial court negligence and defense counsel's ineffective representation, and he is therefore entitled to an appeal of right, retroactive to February 10, 1971, for time purposes, as to deny him such appellate right, violates the state and federal constitution(s) and laws.

VIII. Petitioner was denied "fair play", due process and access to the court, under both the state and federal constitutional standards, when the clerk for the Michigan Court of Appeals, without an order, rejected his motion for rehearing, claiming that it was not timely.

IX. Petitioner was denied due process, access to the court, and equal protection of the law, when a solo Michigan Court of Appeals judge exceeded the scope of his lawful authority and, and usurped the 3–judge panel authority, when *sua sponte*, and summarily dismissing petitioner's "Complaint for Superintending Control; alt., Application for Leave to Appeal", when that judge construed the complaint/application as an "untimely" motion for rehearing, even though the complaint/application clearly sought to

appeal from a final decision of the circuit court "after remand."

On July 20, 2003, petitioner filed a second petition for writ of habeas corpus, in which he challenged his 1971 convictions on identical grounds. The respondent moved to transfer the petitions to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), on the ground that petitioner's two applications were "second or successive" petitions for habeas relief. Petitioner filed objections to the motion to transfer, as well as a motion to consolidate the two habeas petitions. On March 1, 2004, this Court granted petitioner's motion to consolidate the petitions and denied respondent's motion to transfer the petitions to the Sixth Circuit, on the ground that respondent presented no evidence that petitioner had previously filed a petition for writ of habeas corpus which challenged his 1971 convictions for possession of marijuana and possession of LSD or his arrest for C.C.W. Respondent was also ordered to file an answer addressing the merits of the petition within thirty days of the Court's order.

On March 26, 2004, respondent filed an answer to the petition for writ of habeas corpus. In her answer, respondent's counsel for the first time mentioned petitioner's prior challenge to his 1971 convictions, but claims that at the time that she filed her motion to transfer, she was unaware of *Ward v. Knoblock, supra.* Respondent further argues that this Court lacks subject matter jurisdiction over the petition, because petitioner is no longer in custody on his 1971 convictions due to the fact that his sentences have expired on these convictions.

Petitioner has filed an amendment to his habeas petition and a traverse to respondent's answer. Petitioner first contends that his current habeas petition should not

be considered a second or successive habeas petition, for purposes of § 2244(b)(3)(A), because his prior habeas petition was never adjudicated on the merits, but was instead dismissed for lack of jurisdiction. Petitioner further contends that the Sixth Circuit's holding in *Ward v. Knoblock, supra,* has been overruled by subsequent U.S. Supreme Court decisions. Petitioner further contends that this Court has subject matter jurisdiction over this case, in spite of the fact that the sentences on his 1971 convictions have expired, because he claims that these 1971 convictions are being used and considered by the Michigan Parole Board to deny him parole consideration on his possession with intent to deliver 650 or more grams of cocaine conviction, which he remains incarcerated on. Petitioner further contends that these 1971 convictions are unconstitutionally invalid because he was never advised by the state trial court at the time of sentencing of his right to appeal and his right to the appointment of appellate counsel, if he was unable to retain appellate counsel.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997).

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409, 120 S.Ct. 1495. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11, 120 S.Ct. 1495.

## III. Discussion

For purposes of judicial clarity, the Court will first address petitioner's seventh claim, because this is the claim that the Court is conditionally granting habeas relief. However, prior to addressing the merits of petitioner's claim, this Court must consider whether the current habeas petition should be considered a second or successive habeas petition, for purposes of § 2244(b)(3)(A), thus requiring the transfer of the petition to the Sixth Circuit for a certificate of authorization.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir.1998). Under the Anti-

terrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D.Mich.1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997).

■ This Court concludes that the instant petition is not a "second or successive" habeas application and petitioner does not need to obtain a certificate of authorization by the Sixth Circuit before seeking habeas relief with this Court. First, as petitioner has indicated, neither the federal district court nor the Sixth Circuit ever addressed the merits of petitioner's prior action, but dismissed the complaint for lack of jurisdiction. Dismissal of a matter for lack of subject matter jurisdiction is not considered a dismissal on the merits. *See Mitchell v. Chapman,* 343 F.3d 811, 820 (6th Cir. 2003); *See also Franklin v. Oregon,* 662 F.2d 1337, 1343 (9th Cir.1981)(dismissal of a case for lack of jurisdiction does not operate as a judgment on the merits). The rationale behind this rule is that a if a court does not have jurisdiction over a case, it does not have the power to address the merits of a case. *Rogers v. Stratton Industries,* 798 F.2d 913, 917 (6th Cir.1986). Because petitioner's prior habeas application was dismissed by the district court and the Sixth Circuit for lack of subject matter jurisdiction, there was no decision on the merits, and petitioner's current habeas application is therefore not "second or successive" for purposes of

§ 2244(b)(3)(A). *See Turner v. Terhune,* 78 Fed.Appx. 29, 30 (9th Cir.2003); *See also Dellenbach v. Hanks,* 76 F.3d 820, 822 (7th Cir.1996)(third habeas petition was not an "abuse of the writ", where neither of the previous habeas petitions were denied on the merits; the first habeas petition was dismissed for failure to exhaust state court remedies and the second petition was dismissed for lack of subject matter jurisdiction).

■ Secondly, this Court notes that petitioner did not file his previous action as an application for writ of habeas corpus, but instead, requested equitable relief in the form of a declaratory judgment and an order compelling the Huron County Circuit Court to recognize his right to take a direct appeal to the Michigan Court of Appeals and to appoint the State Appellate Defender's Office at county expense to represent him in that appeal. The federal magistrate judge construed this action as a petition for writ of habeas corpus. However, there is no indication in *Ward v. Knoblock, supra,* or elsewhere, that the magistrate judge warned petitioner that he intended to recharacterize his pleading as a being a petition for writ of habeas corpus.

In *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003), the United States Supreme Court held that where a federal district court recharacterizes a federal *pro se* criminal defendant's motion as a first motion to vacate sentence brought pursuant to 28 U.S.C. § 2255, it must first notify the defendant that it intends to recharacterize the pleading, warn the defendant that any subsequent motion to vacate sentence will be subject to the AEDPA's restrictions on the filing of subsequent motions to vacate, and must provide the defendant with an opportunity to either withdraw the motion or to amend the motion so it can contain all of

the claims that the movant wishes to raise in the motion. If the district court fails to do so, the first motion cannot be considered a motion to vacate sentence for purposes of applying the restrictions on filing a second or successive motion to vacate sentence. *Id.* This Court believes that the Supreme Court's rationale in *Castro* applies with equal force to § 2254 petitions. Because the federal court failed to give petitioner the warnings described by the Supreme Court in *Castro,* petitioner's prior civil action cannot be considered a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 and this application cannot be considered a second or successive petition for writ of habeas corpus for purposes of § 2244(b)(3)(A). *Castro,* 124 S.Ct. at 792–93.

This Court likewise concludes that it has subject matter jurisdiction over petitioner's application for habeas relief in spite of the fact that petitioner's sentences have expired under his 1971 convictions. The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). A habeas petitioner is no longer "in custody", for purposes of a conviction imposed, after the sentence on that conviction has fully expired, even if that conviction is being used to enhance a subsequent sentence. *Id.* at 492–93, 109 S.Ct. 1923. The exception is where the habeas petitioner's challenge to an expired conviction is based on a violation of the Sixth Amendment right to counsel and where that expired conviction is being used to enhance a sentence for which he is currently in custody. *Id.* at 493–94, 109 S.Ct. 1923.

In *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court held that once a state conviction is no longer open to direct or collateral attack in its own right because the petitioner failed to pursue those remedies while they were available (or because he or she did so unsuccessfully), the conviction may be regarded as conclusively valid. Therefore, if that conviction is later used to enhance a criminal sentence, a habeas petitioner generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. *Id.* However, the Supreme Court recognized an exception to the general rule for § 2254 petitions for challenges to an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel for the petitioner in violation of the Sixth Amendment. *Id.* at 404, 121 S.Ct. 1567. The Supreme Court noted that the " 'failure to appoint counsel for an indigent [is] a unique constitutional defect ... ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations". *Lackawanna,* 532 U.S. at 404, 121 S.Ct. 1567 (*quoting Custis v. United States,* 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994)). Therefore, when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate". *Id.*

In his amendment to the habeas petition and his traverse to respondent's answer, petitioner asks this Court to construe his habeas challenge to his 1971 convictions for possession of marijuana and LSD as being directed against his current parolable life sentence for which he cur-

rently is in custody. Petitioner claims that he is being denied parole on this sentence in part because of these 1971 convictions. The Court will therefore construe this petition as an attack upon his parolable life sentence for which petitioner is still in custody. *See Feldman v. Perrill,* 902 F.2d 1445, 1449 (9th Cir.1990)(habeas petitioner's *pro se* challenge to state court sentence which he had already served, and upon which Parole Commission had allegedly relied in delaying parole on his latest federal sentence, would be construed as an attack on the federal sentence, over which the court could exercise jurisdiction).

Since one of petitioner's challenges to these prior convictions comes within the rule enunciated under *Lackawanna* for challenging a conviction where the sentence has already expired, this Court has subject matter jurisdiction over the instant habeas petition. Petitioner claims that his prior convictions are invalid because he was never informed by the trial court of his right to appeal or his right to the appointment of appellate counsel.

At the outset, the Court notes that respondent's counsel has never disputed the factual allegations raised by petitioner with respect to this claim nor has she challenged the factual accuracy of the sentencing transcript that petitioner has attached to his petition, which shows that petitioner was never advised by the trial court of his right to appeal or his right to the appointment of appellate counsel if he could not afford his own attorney. The Court will therefore accept the factual allegations contained within the habeas petition regarding the trial court's failure to advise petitioner of his appellate rights, because the respondent has not disputed them.

■■■■ The Court further notes that the respondent's counsel did not specifically address the merits of petitioner's seventh claim in either of her answers to the petition. By failing to address the merits of petitioner's claim, respondent has waived any substantive defenses to the merits of this claim. *See Whiting v. Burt,* 266 F.Supp.2d 640, 644 (E.D.Mich.2003)(respondent waived any substantive defenses to the merits of petitioner's conflict of interest claim, by failing to address the merits of the claim in her answer).[6]

■■■■ A defendant has an absolute right to be represented by counsel on his first appeal of right from his conviction. *Douglas v. California,* 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Penson v. Ohio,* 488 U.S. 75, 83–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).[7] The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey,* 469 U.S. 387, 395–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The United States Supreme Court has held that "[t]he need for forceful advocacy does not come to an abrupt halt as the legal proceeding moves from the trial to the appellate stage. Both stages of the prosecution, although perhaps involving unique legal skills, require careful advocacy to ensure that rights are not forgone and that substantial legal and factual arguments are not inadvertently passed over." *Penson,* 488 U.S. at 85, 109

---

**6.** Of course, petitioner is not entitled to a default judgment on the ground that respondent failed to address this issue, because petitioner has the burden of establishing that his custody is in violation of the U.S. Constitution. *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970).

**7.** At the time of petitioner's conviction in 1971, the Michigan Constitution guaranteed every defendant convicted of a crime the right to appeal their conviction. *See* Mich. Const. 1963, Art. 1, § 20.

S.Ct. 346. The Supreme Court has further noted that "[I]n bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, with its consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake." *Evitts*, 469 U.S. at 396, 105 S.Ct. 830.

In the present case, petitioner was never advised by the trial court that he had a right to appeal and that he had a right to have appellate counsel appointed to represent him if he was unable to retain appellate counsel. The Second Circuit has held that "the only practical, logical and fair interpretation to be given to *Douglas v. California* is that it imposes upon the state a duty to warn every person convicted of [a] crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so". *United States ex. rel. Smith v. McMann*, 417 F.2d 648, 654 (2nd Cir.1969).

■■■ The Sixth Circuit has cited to *McMann* with approval in a number of cases. *See United States v. Aloi*, 9 F.3d 438, 444 (6th Cir.1993)("Presumably, these [appellate] rights are worthless to a defendant who does not know they are available to him. The advice is necessary to guarantee that poverty does not make it more difficult for an indigent convicted defendant to engage the appellate process than for a convicted defendant with money");

*See also Henderson v. Cardwell*, 27 Ohio Misc. 4, 426 F.2d 150, 154 (6th Cir.1970). A defendant's right to an appeal, as well as his right to appellate counsel, can only be waived knowingly and intelligently. *Swenson v. Bosler*, 386 U.S. 258, 260, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); *United States ex. rel. Smith v. McMann*, 417 F.2d at 654–55. A criminal defendant's right to appeal and to the appointment of appellate counsel "are personal rights of Constitutional dimension." Therefore, such rights cannot be waived upon a silent record. *See Boyd v. Cowan*, 519 F.2d 182, 184 (6th Cir.1975).

■■■ A review of the sentencing transcript in this case demonstrates that petitioner was never advised of his right to appeal or his right to the appointment of appellate counsel, nor is there any indication that petitioner waived his right to appeal or his right to the assistance of appellate counsel. Because the right to appeal and the right to the appointment of appellate counsel are rights of personal dimension, this Court cannot presume that petitioner waived these rights from a silent record. In addition, because respondent has not argued in her answer that petitioner waived his rights to appeal or to the appointment of appellate counsel, respondent has waived the right to assert such an affirmative defense to petitioner's claim. *Whiting v. Burt*, 266 F.Supp.2d at 646. Therefore, petitioner has established that he was deprived of the Sixth Amendment right to the assistance of counsel on appeal.

■■■ The U.S. Supreme Court has clearly established that the actual or constructive denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *Roe v. Flores–Ortega*, 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). "Because the fundamental importance of the assistance of

counsel does not cease as the prosecutorial process moves from the trial to the appellate stage", the presumption of prejudice extends to the denial of counsel on appeal. *Penson v. Ohio*, 488 ·U.S. at 88, 109 S.Ct. 346. Where a habeas petitioner is denied counsel on appeal in contrast to a claim that counsel was ineffective, "it is ... inappropriate to apply either the prejudice requirement of *Strickland* [*v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] or the harmless-error analysis of *Chapman* [*v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ]." *Id.* at 88, 109 S.Ct. 346.

The remaining question for the Court is what the appropriate habeas remedy would be in this case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require". In certain circumstances, federal courts have conditioned the issuance of a writ on the state's conducting proceedings narrower than a full retrial. *See Henderson v. Frank*, 155 F.3d 159, 168 (3rd Cir.1998). However, such cases make clear that conditional writs must be tailored to ensure that all constitutional defects will be cured by the satisfaction of that condition. *Id.* Remedies in habeas cases generally should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. *Dickens v. Jones*, 203 F.Supp.2d 354, 364 (E.D.Mich.2002). Federal district courts have broad discretion to fashion the appropriate form of habeas relief and that discretion includes conditionally granting a writ to pursue another appeal. *Whiting v. Burt*, 266 F.Supp.2d at 646; *Grady v. Artuz*, 931 F.Supp. 1048, 1073 (S.D.N.Y.1996); *See also United States ex. rel. Witt v. LaVallee*, 424 F.2d 421, 424 (2nd Cir.1970)(If state prisoner petitioning for federal habeas corpus relief could substantiate his allegations that he was not informed of his right, if indigent, to prosecute appeal without expense to him and with appointed counsel, state would be required to provide him opportunity to appeal his conviction); *See also Benoit v. Bock*, 237 F.Supp.2d 804, 812 (E.D.Mich.2003)(deciding, without discussion, that the appropriate remedy for a violation of the right to the effective assistance of appellate counsel was the reinstatement of petitioner's appeal of right).

Accordingly, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is conditionally granted. The writ will be granted if petitioner is not permitted to immediately reinstate his appeal of right with the Michigan Court of Appeals with respect to his 1971 convictions for possession of marijuana and possession of LSD. *Whiting v. Burt*, 266 F.Supp.2d at 647. Michigan shall also immediately undertake to appoint appellate counsel for petitioner to assist him with that appeal if he is unable to retain appellate counsel. *Benoit v. Bock*, 237 F.Supp.2d at 812. Because this Court's conclusion that petitioner is entitled to habeas relief on this seventh claim is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *Whiting*, 266 F.Supp.2d at 647.

## IV. *ORDER*

IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. UNLESS THE STATE TAKES IMMEDIATE ACTION TO AFFORD PETITIONER A NEW APPEAL OF RIGHT WITH COUNSEL WITH THE MICHIGAN COURT OF APPEALS, PETITIONER MAY APPLY FOR A WRIT ORDERING

RESPONDENT TO RELEASE HIM FROM CUSTODY FORTHWITH.