NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0571n.06

No. 07-2424

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FILED

**Aug 17, 2009**

LEONARD GREEN, Clerk

MICHAEL C. WARD,

      Petitioner-Appellant,

v.

HUGH WOLFENBARGER, Warden,

      Respondent-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, RYAN, and, SUTTON; Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. The district court denied Michigan prisoner Michael Ward's pro-se "Emergency Motion to Re-Open Case and Grant Immediate Habeas Corpus Release from Confinement." We AFFIRM.

I.

Michael Ward is a Michigan prisoner serving a life sentence for a 1981 cocaine conviction. In 2003, he filed a habeas petition in federal district court alleging that the presence of two 1971 drug convictions on his record "harm[ed] his chances for parole." The district court agreed, and held that the State had deprived Ward of his Sixth Amendment right to the assistance of counsel in connection with his 1971 convictions because the trial court did not advise him of his rights to appeal and to appellate counsel. *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818 (E.D. Mich. 2004) ("*Ward I*"). The court ordered his application for writ of habeas corpus "conditionally granted[ u]nless the state takes

immediate action to afford petitioner a new appeal of right with counsel . . . ." Michigan appealed to this Court, and Ward asked the district court to reconsider or clarify its order.

The district court granted Ward's motion for reconsideration and clarification. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004) ("*Ward II*"). The court reiterated its earlier finding that the 1971 convictions were unconstitutionally obtained and went on to find that "these 1971 convictions are being used, in part, to deny petitioner parole on his 1981 conviction." *Id.* at 776. The district court stated that Ward was "entitled to have these 1971 convictions and all of the effects stemming from them completely expunged from his record." *Id.* at 776-77. It ordered the Clerk of the Circuit Court for Huron County to expunge the conviction and to forward a copy of the *Ward II* order "to any person or agency that was notified of [Ward's] arrest or conviction involved with these offenses." *Id.* at 777.

In November 2004, while Ward's "Motion to Hold State of Michigan/Huron County Circuit Court in Contempt . . . and for a Special Order of Specific Direction" was pending, the Parole Board granted his parole. Following Ward's release, the State voluntarily withdrew its appeal of the order in *Ward I* and the district court dismissed Ward's contempt motion as moot.

Ward's parole was short-lived; he was rearrested in 2005 and charged with accosting children for immoral purposes, indecent exposure, selling or furnishing alcohol to a minor, and malicious destruction of a building after he allegedly attended a hotel party involving the perilous combination of teenagers, alcohol, and pornography. The State eventually dropped the criminal charges against him, but Ward remained in prison while the Parole Board considered the merits of several parole violation charges in connection with the incident.

Before the Board could rule, Ward filed an "Emergency Motion to Re-Open Case and Grant Immediate Habeas Corpus Release from Confinement" in federal district court in May 2006, arguing that the State had failed to comply fully with the September 2004 order in *Ward II* by leaving references to Ward's 1971 drug convictions in his parole file. In support of his motion, Ward attached Michigan Department of Corrections documents including a "Basic Information Sheet" that referenced his 1971 convictions without any accompanying notation signifying their expungement. This motion was still pending when, in July 2006, the Michigan Parole Board formally revoked Ward's parole after he signed an agreement pleading "no contest" to some of the alleged parole violations. In exchange, the Department of Corrections Office of Field Programs recommended an eighteen-month revocation continuance, which resulted in a reconsideration of his parole eligibility in September 2007. The agreement stated that the recommendation was "not binding" on the Parole Board and that "[t]he final decision of the Parole Board may <u>exceed</u> the recommendation."

Ward moved for summary judgment on his motion to reopen his habeas case. The district court then ordered the State to show cause "why the State of Michigan has failed to fully comply with the Court's order directing the expungement of 1971 convictions for Possession of LSD and Possession of Marijuana from [Ward's] records." After the State responded, the district court denied both Ward's motion to reopen his habeas case, *Ward v. Wolfenbarger*, 2007 WL 1009729 (E.D. Mich. Mar. 29, 2007) and his later motion for reconsideration, *Ward v. Wolfenbarger*, No. 03-72701/7258 (E.D. Mich. Oct. 23, 2007). In August 2007, contrary to the Office of Field Program's recommendation that Ward be paroled in September 2007, the Parole Board stated it had "no interest in taking action at this time" and scheduled Ward's next parole hearing for September 2012.

Ward filed a motion for a certificate of appealability and permission to proceed *in forma pauperis* in this Court in November 2007. He sought review of the district court's denial of his motion to reopen his habeas petition. The Court issued a certificate of appealability on April 7, 2008 and appointed him counsel. This appeal followed.

## II.

A district court retains jurisdiction in a habeas proceeding "to determine whether a party has complied with the terms of a conditional order." *Patterson v. Haskins*, 470 F.3d 645, 667 (6th Cir. 2006) (citation omitted). "[T]he conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted." *McKitrick v. Jeffreys*, 255 F. App'x 74, 76 (6th Cir. 2007). When a district court does not hold an evidentiary hearing or make factual findings as to the State's actions since the grant of a conditional writ, we "conduct a de novo review of the district court's legal conclusion that the state has complied with the terms of the writ." *Patterson*, 470 F.3d at 668.

Here, the same district court judge who issued the conditional writ in *Ward II* later concluded that Ward was not entitled to further enforcement of it. The court's 2004 order was predicated on its finding that Ward's "1971 convictions are being used, in part, to deny [Ward] parole release on his 1981 conviction." *Ward II*, 340 F. Supp. 2d at 776. The remedy the court fashioned in *Ward II* was this:

> IT IS FURTHER ORDERED THAT Petitioner's 1971 convictions for Possession of LSD and Possession of Marijuana be expunged from his records by the Clerk of the Circuit Court for Huron County, Michigan in accordance with the terms outlined in this opinion.

*Id.* at 778. In the accompanying memorandum opinion, the court described that the 1971 convictions were "vacated and the record of conviction shall be expunged," *id.* at 777, and it further directed the Clerk of the Circuit Court of Huron County to "forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with these offenses." *Id.*

In later assessing Ward's enforcement motion—brought after Ward had been granted parole and later rearrested—the court was not convinced that the State was still impermissibly considering the now-expunged convictions. And we agree with the district court that Ward offered "nothing other than speculation" that the Parole Board was taking into account the vacated 1971 convictions in a way that would prejudice his shot at parole. Ward did not show that the Huron County Clerk had failed to expunge the records, as specified in the *Ward II* order. Nor did he show that he was still suffering from what the court had earlier described as "the effects stemming from" the 1971 convictions.

Although Ward submits Department of Corrections documents that reference the 1971 convictions, we have no evidence of any adverse consequences, direct or collateral, as a result of the persistent notation of the 1971 convictions on certain forms. To the contrary, Ward's parole was revoked *because of* his "no contest plea" and not because the Parole Board looked anew at the 1971 expunged convictions. By contrast, the State presented evidence that Ward's expunged 1971 convictions were no longer a factor in its assessment of his parole eligibility: it had *granted* Ward's parole after the *Ward II* order; the State maintained (in response to the court's show cause order) that the "Michigan Department of Corrections is not using [Ward's] convictions from 1971 to adversely affect his parole status or his placement in prison programs;" and a Department of Corrections

Records Administrator's memorandum explained that expunged documents are "*not* accessible to anyone other than the Records Office Supervisor or Records Administrator" and should not "be used for classification or parole consideration towards any records that were not expunged."

We therefore find that the district court reasonably interpreted the terms of the conditional writ it had issued, and, in light of the State's efforts and the intervening parole revocation for events unrelated to his 1971 convictions, concluded that Ward was not entitled to enforcement of the habeas order. Accordingly, we AFFIRM.[1]

---

[1]We commend Ward's counsel for their excellent assistance. We thank them for their diligence in preparing and presenting the case.

SUTTON, J., concurring. I join Judge Martin's opinion in full because, as he correctly observes, the remaining references to Ward's expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am "not insensitive to the challenges faced" by the Department in "attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks." *Jones v. Bock*, 549 U.S. 199, 224 (2007). But Ward's suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department's expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way.